# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRACY LEE HOLMES,<br><br>        Petitioner,<br><br>v.<br><br>STATE OF NEBRASKA,<br><br>        Respondent. | 8:21CV159<br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the Court on petitioner Tracy Lee Holmes's ("Holmes") pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Filing No. 1). The petition arises from Holmes's conviction and sentence for unlawful sexual contact in Nebraska state court in August of 1997.

To obtain federal habeas relief under § 2241, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3). The custody requirement is jurisdictional; if the petitioner is not "in custody" when he files the petition, the Court lacks subject-matter jurisdiction to consider it. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam). Although "the use of habeas corpus has not been restricted to situations in which the applicant is in actual, physical custody," a petitioner must show he is subject to "conditions which significantly confine and restrain his freedom." *Jones v. Cunningham*, 371 U.S. 236, 239, 243 (1963). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.

The Court's initial review of Holmes's petition reveals he is not "in custody." Holmes's petition states he is "Not Confined." Holmes further reports that after he pleaded no contest to unlawful sexual contact, he was sentenced on August 23, 1997, to 18 months

probation and was required to register as a sex offender for ten years. He alleges "the state has been hiding [his] sexual contact plea" for 25 years, treating him as if he had been convicted of the more-serious crime of sexual assault on a child, and improperly requiring him to register as a sex offender for life. According to Holmes, he attempted to set aside his conviction in state court on May 15, 2015, but his motion "was denied because of lack of proper documents."

Aside from having to register as a sex offender, it appears Holmes completed his sentence long ago. "A person whose sentence has fully expired at the time his petition is filed can not satisfy the custody requirement." *Weaver v. Pung*, 925 F.2d 1097, 1099 (8th Cir. 1991); *accord Garlotte v. Fordice*, 515 U.S. 39, 48 (1995) ("[T]he habeas statute does not permit prisoners to challenge expired convictions.").

To the extent Holmes seeks habeas relief based on his ongoing obligation to register, the Court has previously concluded that "registration as a sex offender, and the potential for future incarceration for failure to do so, does not satisfy the 'in custody' requirement for habeas relief." *Hansen v. Marr*, 594 F. Supp. 2d 1097, 1100-01 (D. Neb. 2009). The Court reasoned that the petitioner "suffer[ed] no restriction on freedom of movement merely because he" had to "register as a sex offender." *Id.* at 1101. The same is true here.

In reaching that conclusion in *Hansen*, the Court joined the vast majority of courts to have considered this issue. *Id.* at 1100; *see also Calhoun v. Att'y Gen. of Colo.*, 745 F.3d 1070, 1074 (10th Cir. 2014) (joining "the circuits uniformly holding that the requirement to register under state sex-offender registration statutes does not satisfy § 2254's condition that the petitioner be 'in custody' at the time he files a habeas petition"); *Virsnieks v. Smith*, 521 F.3d 707, 720 (7th Cir. 2008) (collecting cases). While the Eighth Circuit has not yet considered this question, the Court sees no reason to think it would require this Court to chart a different course under the facts of this case.

2

Based on the foregoing,

IT IS ORDERED:

1. Petitioner Tracy Lee Holmes's pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Filing No. 1) is dismissed without prejudice for lack of jurisdiction.
2. A separate judgment will issue.

Dated this 9th day of July 2021.

                                      BY THE COURT:

                                      Robert F. Rossiter, Jr.
                                      United States District Judge